State v. Dodge.

CITED in *Kirkpatrick* v. *Cason*, 1 *Vr*. 333.

---

THE STATE v. ISAAC K. DODGE.

If a defendant after conviction on an indictment and sentence to be imprisoned until the fine and costs are paid, be suffered to escape by the sheriff, a *fieri facias* under the statute may still issue to make the fine and costs.

Argued before Justices ELMER and HAINES, by Mr. *Ransom*, for the defendant; who moved to quash the execution issued in this case, and insisted that it was illegal.

ELMER, J. The defendant having been convicted of an assault and battery, was adjudged by the court to pay a fine of five dollars, and to stand committed to the custody of the sheriff until the fine and costs be paid. It appears by the deposition of the sheriff, taken by virtue of a rule of this court, that the defendant was confined in the jail of the county, upon this sentence, for a day or two, and having paid a part of the fine and costs, was permitted by him to go at large. Subsequently an execution was issued against

him for the residue, pursuant to the act entitled "an act providing for the collection of fines and costs," approved March 18, 1851. This execution having been removed into this court by *certiorari*, it is now insisted that it was illegally issued, after the defendant had been actually confined pursuant to the judgment, and ought to be set aside.

The act referred to, prescribes that when judgment shall be rendered upon any indictment, such proceedings may be had thereupon for the purpose of obtaining satisfaction of the fine and costs, or costs adjudged, by writ or writs of *fieri facias*, in the like manner and to the same effect as in civil cases, but such execution or executions shall not have the effect to discharge the defendant from imprisonment, pursuant to the judgment of the court, until such judgment shall be satisfied. The obvious meaning of these provisions is, that a *fieri facias* may issue to collect a fine and costs, or costs alone, in the same manner as if the state had obtained a judgment for the amount in a civil case, and that such execution may issue as well when the defendant is undergoing the imprisonment imposed by the court, as when this punishment has not been inflicted. The argument of the defendant's counsel was, that the proviso in the act, that the execution shall not have the effect to discharge the defendant from imprisonment, refers only to the imprisonment imposed as a distinct punishment for the crime, in addition to the fine and costs, and that the usual judgment, that the defendant be committed until the fine and costs should be paid, is to be regarded in the nature of a *capias ad satisfaciendum*, so that if the defendant is taken into custody, this operates as a satisfaction to the state.

A fine is not in the nature of a debt, but is a punishment. *Rex* v. *Norris*, 4 *Burr.*, 2142. It is only when costs are given to a prosecutor that they are considered as a debt, so that the defendant can be discharged as an insolvent debtor. *Rex* v. *Stokes*, *Cowp.*, 136; *King* v. *Wakefield*, 13 *East*, 189. If a defendant in a civil case, who has been taken in execution upon a *ca. sa.* is discharged from custody by direction of the plaintiff, the debt is thereby discharged, and no

execution can afterwards issue upon the judgment, nor can an action be brought upon it; but if the sheriff or jailor suffer the defendant to escape, the plaintiff may sue out a fresh *ca. sa.* or an execution against his goods or lands, or he may have an action of debt on the judgment. 1 *Arch. Pr.*, 280, *and cases there cited*. In this case it appears that the sheriff suffered the defendant to go at large of his own motion, and thereby, I suppose, made himself responsible, and put it out of his power to retake him upon the original judgment; but the state was not bound by this illegal act, and was at liberty to collect the fine and costs, or so much thereof as remained unpaid, of the defendant, by an execution in pursuance of the law. I am, therefore, of opinion that the execution was legal, and the *certiorari* should be dismissed with costs.

HAINES, J., concurred.